IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID SCOTT GAFFORD,<br>AIS # 203620, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:26-CV-531-WKW<br>[WO] |
| ALABAMA DEPARTMENT OF<br>CORRECTIONS, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

## I.  INTRODUCTION

Plaintiff David Scott Gafford, an inmate proceeding *pro se*, filed a 42 U.S.C.

§ 1983 complaint against eight Defendants:  the Alabama Department of Corrections

(ADOC); Bullock Correctional Facility; Warden Moore; Warden McKee; Mr.

White; Mr. Peters; Ms. Collins; and Tina Tyler.  (Doc. # 1.)  However, Plaintiff has

filed at least three federal lawsuits that have been dismissed as frivolous, malicious,

or for failure to state a claim, and Plaintiff has not demonstrated that he is in

imminent danger of serious physical injury to allow him to proceed *in forma*

*pauperis* in this action.  *See* 28 U.S.C. § 1915(g).  Hence, he was required to pay the

$405.00 filing fee at the time he initiated this action.[1]  Because he did not submit the

---

[1] If a person is not granted *in forma pauperis* status under 28 U.S.C. § 1915, the filing fee for a non-habeas civil action includes a $350.00 statutory fee under 28 U.S.C. § 1914(a) and a $55.00

$405.00 filing fee, this action will be dismissed without prejudice under § 1915(g). Furthermore, Plaintiff abused the judicial process by misrepresenting his litigation history, and this action also will be dismissed without prejudice as malicious under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

## II.  DISCUSSION

### A.    <u>The Three-Strikes Provision</u>

The Prison Litigation Reform Act (PLRA) imposes specific restrictions on civil rights lawsuits filed by inmates in federal court.  One key restriction is known as the "three strikes" provision, which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g).  Section 1915(g)'s purpose is "to curtail abusive prisoner litigation." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam); *see also Wells v. Brown*, 58 F.4th 1347, 1355 (11th Cir. 2023) ("By taking away the privilege of proceeding in forma pauperis from prisoners who have struck out, the rule is 'designed to filter out the bad claims and facilitate consideration of the good.'" (quoting *Jones v. Bock*, 549 U.S. 199, 204 (2007)).  Under this provision, if a

---

general administrative fee, as set forth in § 1914(b) and the District Court Miscellaneous Fee Schedule established by the Judicial Conference of the United States.

2

prisoner has three or more qualifying dismissals ("strikes") and fails to pay the required $405.00 fee at the time the new complaint is filed, the court must dismiss the case without prejudice. *See Dupree*, 284 F.3d at 1236. As the Eleventh Circuit explained in *Dupree*, the three-striker cannot cure such failure by paying the filing fee after the complaint has been filed:

> We conclude that the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit.

*Id.*; *accord Daker v. Ward*, 999 F.3d 1300, 1310 (11th Cir. 2021).

Plaintiff has filed numerous civil actions while incarcerated and has accumulated at least three strikes under § 1915(g).[2] *See, e.g.*, *Gafford v. Dunn et al.*, No. 7:16-cv-1399-KOB-TMP (N.D. Ala. filed Aug. 25, 2016) (dismissed January 5, 2017, pursuant to 28 U.S.C. § 1915A(b)(1); *Gafford v. Dunn*, No. 2:15-cv-581-WKW-SRW (M.D. Ala. filed Aug. 11, 2015) (dismissed December 23, 2015,

---

[2] Courts regularly take judicial notice of a prisoner's litigation history in federal courts when determining whether the prisoner has accrued three strikes under § 1915(g). *See, e.g.*, *Lloyd v. Benton*, 686 F.3d 1225, 1226 (11th Cir. 2012) (noting the district court took "judicial notice of [the prisoner's] status as a 'three strikes' litigant under the PLRA"); *Lee v. Fla. Dep't of Corr.*, 2025 WL 1113423, at *1 & n.1 (S.D. Fla. Apr. 15, 2025) (taking judicial notice of the prisoner's prior federal lawsuits to dismiss the action under the "three-strikes" rule); *Burton v. Walker*, 2025 WL 241115, at *2 (M.D. Ala. Jan. 17, 2025) (taking judicial notice of its own records to evaluate the prisoner's three-strikes status under § 1915(g)); *see also United States v. Glover*, 179 F.3d 1300, 1303 n.5 (11th Cir. 1999) ("A court may take judicial notice of its own records and the records of inferior courts." (citation omitted)). Moreover, the final dispositions of a prisoner's prior federal lawsuits "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The provided list of Plaintiff's "strikes" may not be exhaustive.

pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)); and *Gafford v. Dunn et al.*, No. 2:15-cv-524-WKW-WC (M.D. Ala. filed July 22, 2015) (dismissed August 18, 2015, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)). These dismissals place Plaintiff in violation of § 1915(g).

Because Plaintiff has accrued at least three strikes under § 1915(g), he cannot proceed *in forma pauperis* in this case. He was required to pay the $405.00 filing fee at the time he initiated this action and did not do so. However, there is an exception to the three-strikes rule: A three-striker can proceed *in forma pauperis* if he was "under imminent danger of serious physical injury" at the time he filed his complaint. 28 U.S.C. § 1915(g); *see also Daker v. Ward*, 999 F.3d 1300, 1310–11 (11th Cir. 2021) ("To satisfy this exception, the prisoner must show he is in imminent danger 'at the time that he seeks to file his suit in district court . . . .'" (quoting *Medberry v. Butler*, 185 F.3d 1189, 1192–93 (11th Cir. 1999))). Allegations of past harm do not satisfy the requirements of the statutory exception. *Daker*, 999 F.3d at 1311; *see also Medberry*, 185 F.3d at 1193 ("[A] prisoner's allegation that he faced imminent danger sometime in the past is . . . insufficient."). Additionally, generalized assertions, lacking "specific fact allegations" to demonstrate that serious physical injury is imminent, are insufficient to trigger the exception under § 1915(g). *Medberry*, 185 F.3d at 1193; *see also Daker*, 999 F.3d at 1311 (holding that "[g]eneral assertions . . . are 'insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical

4

injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury'" (quoting *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004))).  In assessing whether a prisoner has shown "imminent danger of serious physical injury" under § 1915(g), the court considers the complaint, in its entirety, "construing it liberally and accepting its allegations as true."  *Daker*, 999 F.3d at 1311 (quoting *Brown*, 387 F.3d at 1350).

The complaint's allegations fail to demonstrate that Plaintiff meets the imminent-danger exception to the three-strikes provision under § 1915(g).  Plaintiff alleges that he has been assaulted twice, once at an unspecified time in 2025 (*see* Doc. # 1 at 7), and once on May 2, 2026 (*see* Doc. # 1 at 4).  These allegations pertain to past harms and do not indicate that Plaintiff faced imminent danger of serious physical injury at the time he filed his complaint.[3]  Indeed, Plaintiff concedes that he is "not hurt long term from the May 2, 2026  incident."  (Doc. # 1 at 7.) Accordingly, he does not meet the imminent-danger exception to the three-strikes provision under § 1915(g), and this case will be dismissed without prejudice.

---

[3] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009).  Absent evidence to the contrary, the court "assume[s] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).  Plaintiff did not date his complaint; however, the envelope in which the complaint was mailed to the court is postmarked June 27, 2026. (Doc. # 1 at 9.)  Therefore, under the "prison mailbox rule," Plaintiff's complaint is deemed filed on or around June 27, 2026, even though it was not received by the court and docketed until June 29, 2026.

**B.**    **Failure to Disclose Litigation History:  Abuse of the Judicial Process**

Plaintiff also has failed to fully and accurately disclose his litigation history, thereby abusing the judicial process.  Plaintiff filed this action using a preprinted Middle District of Alabama form.  The first page of the complaint form specifically asked Plaintiff whether he has filed any other lawsuits relating to his imprisonment and, if so, to list each of those lawsuits.  (*See* Doc. # 1 at 1.)  In response, Plaintiff marked "No," then commented, "Please see attached sheet of paper for a full detailed explaination [sic] in regaurds [sic] to Question . . . 'B.'"  (Doc. # 1 at 1.)  The attached sheet of paper reads:

> Previous Lawsuits:
>
> 1.  B. Have you begun other lawsuits in state or federal court relating to your imprisonment?
>                                            ☒ No
>
> I marked "NO" to this question because no lawsuit has been filed relating to my imprisonment, however I do have pending lawsuits on 2 other issues that ha[ve] nothing to do with my imprisonment.

(Doc. # 1 at 2.)  Plaintiff signed his complaint under penalty of perjury.  (Doc. # 1 at 8.)

Although Plaintiff represented, under penalty of perjury, that he has not filed any lawsuits relating to his imprisonment, he has, in fact, filed multiple lawsuits relating to his imprisonment.  *See, e.g.*, *Gafford v. Dunn et al.*, No. 2:15-cv-524-WKW-WC (M.D. Ala. filed July 22, 2015); *Gafford v. Dunn*, No. 2:15-cv-581-WKW-SRW (M.D. Ala. filed Aug. 11, 2015); *Gafford v. Harden et al.*, No. 2:16-

cv-890-ECM-SRW (M.D. Ala. filed Nov. 14, 2016); *Gafford v. Gordon*, No. 2:17-cv-553-MHT-SRW (M.D. Ala. filed Aug. 7, 2017); *Gafford v. QCHC Med. Serv. et al.*, No. 2:17-cv-550-MHT-GMB (M.D. Ala. filed Aug. 14, 2017); *Gafford v. Butler Cnty. Sheriff's Off. et al.*, No. 2:24-cv-710-WKW-CSC (M.D. Ala. filed Nov. 5, 2024); *Gafford v. Tindal*, No. 2:26-cv-301-ECM-CWB (M.D. Ala. filed Apr. 30, 2026); and *Gafford v. Butler Cnty, Ala. Cir. Ct. et al.*, No. 2:26-cv-347-MHT-KFP (M.D. Ala. filed May 4, 2026).[4]

Plaintiff's *pro se* status does not excuse him from the obligation to truthfully disclose his litigation history.  Affirmative misrepresentations by an inmate-plaintiff regarding his litigation history constitute an abuse of the judicial process warranting dismissal of the case as malicious under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  *See, e.g.*, *Drummond v. Dixon*, 2025 WL 428594, at *1 (N.D. Fla. Jan. 6, 2025) (collecting cases), *R&R adopted*, 2025 WL 417287 (N.D. Fla. Feb. 6, 2025); *see also Fanning v. Jones*, 2014 WL 31796, at *1 (S.D. Ala. Jan. 6, 2014) ("An action is deemed malicious under § 1915(e)(2)(B)(i) when a prisoner plaintiff

---

[4] The provided list is not exhaustive.  Plaintiff filed an additional case in the Middle District of Alabama that related to his imprisonment, but that case has been placed under seal and will not be cited here.  Plaintiff also has filed multiple cases in the Northern District of Alabama, all relating to his imprisonment.  *See Gafford v. Dunn et al.*, No. 5:15-cv-1480-VEH-TMP (N.D. Ala. filed Aug. 27, 2015); *Gafford v. Dunn et al.*, 7:16-cv-1397-MHH-TMP (N.D. Ala. filed Aug. 25, 2016); *Gafford v. Dunn et al.*, 7:16-cv-1398-KOB-TMP (N.D. Ala. filed Aug. 25, 2016); *Gafford v. Dunn et al.*, 7:16-cv-1399-KOB-TMP (N.D. Ala. filed Aug. 25, 2016); *Gafford v. Domac et al.*, 7:16-cv-1409-RDP-TMP (N.D. Ala. filed Aug. 26, 2016); and *Gafford v. Dunn et al.*, 7:16-cv-1437-VEH-TMP (N.D. Ala. filed Aug. 31, 2016).

affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs it under penalty of perjury." (collecting cases)).

Courts use the information regarding inmates' prior lawsuits to enforce § 1915(g)'s three-strikes bar. Requiring an inmate to disclose previous cases is meant to relieve the court of the difficult and time-consuming task of conducting a from-scratch review of the inmate's entire litigation history. Plaintiff's failure to provide truthful responses has consequences. As recognized by one of this court's sister districts:

> If Plaintiff suffered no penalty for his untruthful responses to the questions on the complaint form, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants.

*Ruiz v. Osteen*, 2013 WL 5954692, at *3 (N.D. Fla. Nov. 7, 2013); *see also Jenkins v. Hutcheson*, 708 F. App'x 647, 648 (11th Cir. 2018) (per curiam) (affirming dismissal of an inmate's complaint where the inmate failed to fully disclose his litigation history and reiterating the district court's reasoning that requiring such disclosure enables courts to apply the three-strikes rule and to prevent duplicative litigation); *Harris v. Warden*, 498 F. App'x 962, 964–65 (11th Cir. 2012) (per curiam) (affirming dismissal of an inmate's complaint for abuse of the judicial process where the inmate had "affirmatively misrepresented the facts" and "knew, or from reading the Complaint form should have known, that disclosure of the

8

relevant prior actions was required"); *Shelton v. Rohrs*, 406 F. App'x 340, 340–41 (11th Cir. 2010) (per curiam) (affirming dismissal of an inmate's complaint for abuse of the judicial process where the inmate "checked 'no' to the question on the complaint form asking whether he had filed any other actions in state or federal court" but had, in fact, "filed at least four prior civil actions in federal court").

In this instance, the requirement for Plaintiff to disclose his litigation history plainly appears in the first section of the complaint form. (*See* Doc. # 1 at 1.) Nevertheless, Plaintiff falsely represented, under penalty of perjury, that he has not previously filed any cases relating to his imprisonment. Furthermore, Plaintiff doubled down on that misrepresentation and provided an "explanation" as to why he checked "no" in response to the question about his previous lawsuits. (*See* Doc. # 1 at 1–2.) Accordingly, as an additional basis for dismissal, this action will be dismissed without prejudice as malicious pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).[5]

---

[5] Rule 11 of the Federal Rules of Civil Procedure permits a court to impose sanctions "if a party knowingly files a pleading that contains false contentions." *Redmon v. Lake Cnty. Sheriff's Off.*, 414 F. App'x 221, 225 (11th Cir. 2011) (per curiam) (citing Fed. R. Civ. P. 11(c)). To impose sanctions under Rule 11, the court would need to give Plaintiff notice and an opportunity to respond. *See Mitchell v. Nobles*, 873 F.3d 869, 875 (11th Cir. 2017). Because Plaintiff has not been given notice and an opportunity to respond, Rule 11 does not serve as a basis for dismissal of this case. However, Plaintiff is ADVISED that his failure to fully and accurately disclose his litigation history in any subsequent cases may, after notice and an opportunity to be heard, provide an independent basis for dismissal as a sanction pursuant to Rule 11. *See id.*

### III. CONCLUSION

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice under 28 U.S.C. §§ 1915(g), 1915(e)(2)(B)(i), and 1915A(b)(1).

Final judgment will be entered separately.

DONE this 23rd day of July, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE